UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **Elizabeth Murphy,** individually and as Administratrix of the Estate of Terrence Rich<br>20 Carrie Lane<br>North Augusta, SC  29860<br><br>and<br><br>**Bryan Harris**<br>5715 S. 152nd Place<br>Tukwila, WA   98188<br><br>and<br><br>**Armando J. Ybarra**<br>4601 Borage Drive<br>Austin, TX    78744<br><br>and<br><br>**John E. L'Heureux**<br>288 Whitwell Street<br>Quincy, MA   02169<br><br>          Plaintiffs,<br>     v.<br><br>**THE ISLAMIC REPUBLIC OF IRAN**<br>c/o Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran<br><br>and<br><br>**THE IRANIAN MINISTRY OF INFORMATION AND SECURITY**<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran<br><br>          Defendants. | Civil Action No. |

**COMPLAINT FOR DAMAGES**
(Compensatory and punitive damages for personal
injuries and wrongful death from terrorist actions,
under 28 U.S.C. §1605(a)(7))

**I. JURISDICTION AND VENUE**

1. This action is brought by the plaintiffs, Elizabeth Murphy, Bryan Harris, Armando J. Ybarra, and John E. L'Heureux, by counsel, in their individual capacities under the Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq*. Plaintiffs Ybarra and L'Heureux, and plaintiffs Harris, Murphy and Murphy's decedent, Terrence Rich, are and at all relevant times were citizens of the United States. Plaintiffs bring this action for damages for personal injuries and wrongful death that were proximately caused by state-sponsored terrorism by defendants - a foreign sovereign state, an agency of that state, and its officials, employees and agents. This court has jurisdiction over the subject matter and defendants in this action under the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(7);  28 U.S.C.A. §1605, note: *Civil Liability for Acts of State-Sponsored Terrorism* (West, 1998 Supp.))  The court exercises subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2) and 1605.  The court exercises *in personam* jurisdiction over the defendants under the provisions of 28 U.S.C. §1605 (a)(7).

2. Venue is proper in this court under the provisions of 28 U.S.C. §1391(f)(4), which provides in pertinent part  that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

3. Actions brought  under the aforesaid statutory authorities against  the above-

named defendants involving the same terrorist bombing, Joseph and Marie Boulos et al. v. The Islamic Republic of Iran, et al., Civ. Action No. 01-CV-2684 (RCL), and Deborah D. Peterson v. The Islamic Republic of Iran, et al., Civ. Action No. 01-CV-2094 (RCL), were consolidated and pending before this Court, and on March 17-18, 2003 were heard on ex parte proof following the entry of default judgment therein against these defendants.  The liability of the defendants, and each of them, as alleged in paragraphs 1-16 of this complaint, has been duly adjudged and determined by this court in the Peterson and Boulos actions; in hearing those actions, all issues necessary to a finding of liability as alleged herein have been actually litigated, submitted for determination by the Court, and actually and necessarily determined by this Court, which possessed subject matter and personal jurisdiction thereof; and defendants herein were afforded a full and fair opportunity to litigate all such issues.  This action arises out of the same events and occurrences as the Peterson and Boulos actions, and should be consolidated therewith for all purposes, relating back to the hearing and judgment of liability in those actions, and the liability of defendants should be deemed established on that basis.  Plaintiffs allege, in the alternative, that the liability of defendants and each of them for the terrorist bombing alleged herein is established according to the doctrine of collateral estoppel.

## II.  PARTIES

4.  Plaintiff Elizabeth Murphy is the mother of Terrence Rich, who was a member of the United States Marine Corps ("USMC"), who was deployed to Beirut, Lebanon, and who was killed in a terrorist attack against the headquarters building of the 24th Amphibious Unit in Beirut, Lebanon on October 23, 1983, and is the Administratrix of

her son's estate. Bryan Harris is the brother of Terrence Rich.

5. Plaintiffs Ybarra and L'Heureux were members of the United States Marine Corps ("USMC") assigned to the 24th Amphibious Unit who suffered injuries inflicted in a terrorist attack against the headquarters building of that Unit in Beirut, Lebanon on October 23, 1983.

6. Defendant, The Islamic Republic of Iran ("Iran"), is a foreign state which was at the time of the tortious acts described herein and remains to the present designated as a state sponsor of terrorism, pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. §2405(j).

7. Defendant, The Iranian Ministry of Information and Security ("MOIS"), is an agency of defendant, Iran, whose activities included, at all times relevant to this action, the production and execution of terrorist acts directed against, *inter alia,* the armed forces of the United States and United States citizens, by and through various terrorist organizations, including the Lebanese terrorist organization known as Hezbollah.

### III. The Occurrence: Bombing of the Marine Barracks

8. Hezbollah is an organization of radical and violent Lebanese Muslims and represents itself as "an Islamic freedom fighting movement." It advocates expungement of non-Muslim influences from Islamic countries in the Middle East including specifically the expulsion or elimination of citizens or representatives of the United States, and is committed to the employment of violent action to achieve those ends and to the elimination of the State of Israel, with which it associates the United States.

9. At all times relevant to this action, defendants directly provided Hezbollah with extensive economic and other material support, training and encouragement for the express purpose of fomenting and executing a wide ranging program of terrorism against the United States and Israel.

10. For an extended period of time prior to the occurrence, the Islamic community in Lebanon had been economically depressed and considerably burdened by a substandard level of education far inferior to that of other major groups within Lebanon. Defendants curried favor and fomented violent reactions to their disadvantaged position in Lebanese society by providing substantial funds to Hezbollah to initiate and implement social welfare programs along with the political rhetoric of violent revolution, and gained support through these efforts among Lebanon's Islamic population.

11. At the time of the terrorist activities that gave rise to this action, Hezbollah was under the complete control and direction of defendants, operating within Lebanon through military units known as the Iranian Revolutionary Guards. The provision of extensive economic support by defendants to Hezbollah empowered and facilitated Hezbollah to carry out a terrorist attack of the scope and technological sophistication of the one at issue here.

12. The mission statement of the U.S.M.C. Commandant, General Paul X. Kelly, to the 24th Amphibious Unit in effect on October 23, 1983, was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital." The Unit operated under peacetime rules of engagement, which prohibited participation in Lebanon's ongoing civil war and

permitted its members to fire weapons only in reply to the hostile and sporadic small arms, rocket and mortar fire directed at them or at the Beirut Airport, where they were encamped in a reinforced concrete building.  The building provided excellent protection from such fire as it struck the building from time to time in the months preceding October 23, 1983.

13.  Acting on instructions from both defendants, the Iranian agents in operational control of Hezbollah, with high-level technical direction and advice which was not available to Hezbollah absent Iranian control and participation, directed and produced the construction of a gas-enhanced explosive device with an explosive force equal to 5,000 feet per second, which was in turn mounted in a large Mercedes truck commonly used in construction projects that had been determined by Iranian terrorist experts to have appropriate weight, power and configuration (a) to crash through an outer barbed wire emplacement, (b) to fit between two sandbagged sentry posts,(c) to penetrate through an iron  fence gate, (d) to climb over a sewer pipe obstruction, (e) to plow  through a sandbag inner barrier obstruction into an entry passage hallway leading to the center lobby of the building and, (f) to end up in a position at which, according to the calculations of Iranian explosive experts, an explosion of the device would collapse the structure.

14.  At approximately 6:22 a.m. on October 23, 1983,  the carefully planned, complex attack was executed as programed by Hezbollah and  the defendants, producing exactly the results which they had calculated would ensue.  The collapse of the four-story, reinforced concrete structure resulted in the deaths of 241 members of

the military forces of the United States and injuries to many others.

15. The actions of defendants constituted acts of torture, extrajudicial killing and the provision of material resources for these acts, as defined in 18 U.S.C. §2339A.

16. The formation of Hezbollah and its emergence as a major terrorist organization was proximately caused and its terrorist activities proximately facilitated by Iran, MOIS, and their operatives, including the Iranian Revolutionary Guards, Ali Akbar Mohtashemi, acting as Interior Minister of Iran, and the Iranian Ambassador to Syria. All of Hezbollah's above-referenced activities were financed, technologically designed, supported and commanded by Iranian operatives.

## IV.  CAUSES OF ACTION
### Elizabeth Murphy and Bryan Harris

Claim 1.  Wrongful Death

17. Plaintiff Elizabeth Murphy incorporates in this cause of action all of the allegations stated in the foregoing paragraphs 1 through 16, as if specifically restated herein.

18. Defendant the Iranian Ministry of Information and Security, acting as an agent of the Islamic Republic of Iran, performed the acts alleged in paragraphs 13-16 within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C.A. § 1605, which directly and proximately caused the death of Terrence Rich.

19. At the time, and under the circumstances, of his death, Terrence Rich was a non-combatant functioning under peacetime rules of engagement; he was not on duty or otherwise in action; and the cause of his death was recorded officially as a "terrorist act."

20. As a result of the death of Terrence Rich, his Estate suffered a loss of accretions that couldhave been expected to occur during the course of his anticipated life expectancy in the amount of at least $1,500,000.00, as may be proved at trial.

WHEREFORE, plaintiff, Elizabeth Murphy, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for assault, in the amount of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and costs.

### Claim 2.  Loss of Society

21. Plaintiffs, Elizabeth Murphy and Bryan Harris, incorporate in this cause of action all of the allegations stated in the foregoing paragraphs 1 through 20, as if specifically restated herein.

22. As the result of the death of Terrence Rich, his mother, Elizabeth Murphy, and surviving sibling, Bryan Harris, have suffered and will continue to suffer severe mental anguish and the loss of society.

WHEREFORE, plaintiffs, Elizabeth Murphy and Bryan Harris, demand judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for assault, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### Claim 3:  Intentional Infliction of Emotional Distress

23. As the direct and proximate result of the willful, wrongful and intentional actions of defendants together with the involved members of Hezbollah, as described above, plaintiffs Murphy and Harris endured extreme mental anguish and pain and suffering, suffered the loss of the company of their decedent, and were subjected to

intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, plaintiffs Murphy and Harris demand judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for intentional infliction of emotional distress, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

## Claim 4: Punitive Damages

24.  The actions of defendants working together with Hezbollah members were intentional and malicious and in willful, wanton and reckless disregard of this plaintiff's fundamental rights and physical well being.  The actions of Hezbollah that proximately caused injuries to plaintiff were initiated and facilitated by funding, training and support from the defendants.  In accordance with 28 U.S.C. §1605 (a)(7) both of the defendants are vicariously liable for the actions of the Hezbollah terrorists.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 U.S.C. §1605 (a) (7) making a nation designated as a "state sponsor of terrorism under §6 (j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, plaintiffs Murphy and Harris demand judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, as punitive damages, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

## V. CAUSES OF ACTION
### Armando J. Ybarra

### CLAIM 1: ASSAULT

25.  This plaintiff incorporates in this cause of action all of the allegations stated in the foregoing paragraphs 1 through 16, as if specifically restated herein.

26.  On October 23, 1983, defendants together with the involved members of Hezbollah intentionally and willfully placed this plaintiff, Armando J. Ybarra, in fear and apprehension of harm as a direct result of the physical and emotional abuse they inflicted upon him.  The willful, wrongful and intentional acts of the Hezbollah assailants, funded and directed by the defendants, proximately caused the plaintiff serious, painful and permanent injuries that included extreme mental anguish, physical injury, extraordinary pain and suffering and permanently disabling effects.

WHEREFORE, plaintiff, Armando J. Ybarra, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for assault, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

### CLAIM 2: BATTERY

27.  On October 23, 1983, defendants together with the involved members of Hezbollah, using an explosive device, wilfully, violently and forcefully battered the body of this plaintiff, inflicting severe and permanent injuries that caused him great pain and suffering and required extensive medical care and expenditures associated therewith, all of which is unresolved and continuing.

WHEREFORE, plaintiff, Armando J. Ybarra, demands judgment against

defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for battery, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

CLAIM 3:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. As the direct and proximate result of the willful, wrongful and intentional actions of defendants together with the involved members of Hezbollah, as described above, this plaintiff, Armando J. Ybarra, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, plaintiff, Armando J. Ybarra, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for intentional infliction of emotional distress, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

CLAIM 4: PUNITIVE DAMAGES

29.  The actions of defendants working together with Hezbollah members were intentional and malicious and in willful, wanton and reckless disregard of this plaintiff's fundamental rights and physical well being.  The actions of Hezbollah that proximately caused injuries to plaintiff were initiated and facilitated by funding, training and support from the defendants.  In accordance with 28 U.S.C. §1605 (a)(7) both of the defendants are vicariously liable for the actions of the Hezbollah terrorists.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 U.S.C. §1605 (a) (7) making a nation designated as a "state sponsor of terrorism under §6 (j) of the Export

Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, plaintiff, Armando J. Ybarra, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, as punitive damages, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

### VI. CAUSES OF ACTION
### John E. L'Heureux

CLAIM 1:  ASSAULT

30. This plaintiff incorporates in this cause of action all of the allegations stated in the foregoing paragraphs 1 through 16, as if specifically restated herein.

31. On October 23, 1983, defendants together with the involved members of Hezbollah intentionally and willfully placed this plaintiff, John E. L'Heureux, in fear and apprehension of harm as a direct result of the physical and emotional abuse they inflicted upon him.   The willful, wrongful and intentional acts of the Hezbollah assailants, funded and directed by the defendants,  proximately caused the plaintiff serious, painful and permanent injuries that included extreme mental anguish,  physical injury, extraordinary pain and suffering and permanently disabling effects.

WHEREFORE, plaintiff, John E. L'Heureux, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for assault, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

CLAIM 2: BATTERY

32. On October 23, 1983, defendants together with the involved members of

Hezbollah, using an explosive device, wilfully, violently and forcefully battered the body of this plaintiff, John E. L'Heureux, inflicting severe and permanent injuries that caused him great pain and suffering and required extensive medical care and expenditures associated therewith, all of which is unresolved and continuing.

WHEREFORE, plaintiff, John E. L'Heureux, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for battery, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

CLAIM 3:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.  As the direct and proximate result of the willful, wrongful and intentional actions of defendants together with the involved members of Hezbollah, as described above, this plaintiff, John E. L'Heureux, endured extreme mental anguish and pain and suffering, suffered the loss of the company of his family and friends, and was subjected to intense physical injury, pain, discomfort and inconvenience.

WHEREFORE, plaintiff, John E. L'Heureux, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for intentional infliction of emotional distress, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), and costs.

CLAIM 4: PUNITIVE DAMAGES

34.  The actions of defendants working together with Hezbollah members were intentional and malicious and in willful, wanton and reckless disregard of this plaintiff's fundamental rights and physical well being.  The actions of Hezbollah that proximately caused injuries to plaintiff were initiated and facilitated by funding, training and support

from the defendants.  In accordance with 28 U.S.C. §1605 (a)(7) both of the defendants are vicariously liable for the actions of the Hezbollah terrorists.  An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, amending 28 U.S.C. §1605 (a) (7) making a nation designated as a "state sponsor of terrorism under §6 (j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

  WHEREFORE, plaintiff, John E. L'Heureux, demands judgment against defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, as punitive damages, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.

  ON ALL COUNTS:

_____Plaintiffs, and each of them, pray that this action be consolidated with Civ. Action No. 01-CV-2684 (RCL) and No. 01-CV-2094, relating back to the hearing of those actions, and that the liability of defendants to these plaintiffs be so adjudged and determined;

  Plaintiffs, and each of them, pray, in the alternative, that the liability of defendants to these plaintiffs, as alleged in paragraphs 1-16 of this complaint, be adjudged and determined in accordance with the doctrine of collateral estoppel, on the

basis of the judgment of liability in Civ. Action No. 01-CV-2684 (RCL) and No. 01-CV-2094.

                                                John W. Karr   #57430
                                                Theodore S. Allison   #441089
                                                KARR & ALLISON, P.C.
                                                1920 N Street, N.W.   Suite 300
                                                Washington, DC 20036
                                                202-331-7600

                                                Attorneys for plaintiffs