UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich, Bryan Harris, Armando J. Ybarra, and John E. L'Heureux,**<br><br>          Plaintiffs,<br>     v.<br><br>**THE ISLAMIC REPUBLIC OF IRAN** and **THE IRANIAN MINISTRY OF INFORMATION AND SECURITY,**<br><br>          Defendants. | Civil Action No. 1:06CV00596 (RCL) |

**MOTION TO ENLARGE TIME FOR SERVICE OF SUMMONS AND
COMPLAINT, AND NOTICE OF SUIT, ON FOREIGN DEFENDANTS**
F.R.C.P. 4(m), 28 U.S.C. §1608(a)

Plaintiffs, by counsel, hereby move for an order allowing plaintiffs 120 days from the entry of an order on this motion to attempt service, pursuant to 28 U.S.C. §1608(a)(3) (Foreign Sovereign Immunities Act) of the summons and complaint, the notice of suit, and translations of the same into Farsi (the official language of Iran, the foreign state involved).

Service has been impeded to some extent because plaintiffs' counsel has had difficulty establishing contact with translators who had been engaged in prior actions, and arranging the translation of certain documents into Farsi. Translations are now complete, and the process can be commenced. Plaintiffs are concurrently submitting to the Clerk's office the Affidavit Requesting Foreign Mailing, and documents necessary for mailing to foreign defendants by registered mail.

WHEREFORE, plaintiff respectfully requests that this motion be granted and that the Court allow plaintiffs 120 days from the date of the order on this motion, subject to enlargement for good cause shown, to effect service as requested, and, if necessary, service pursuant to 28

U.S.C. §1608(a)(4) (through diplomatic channels).

**MEMORANDUM OF LAW**

Fed.R.Civ.P. 4(j) provides that service upon a foreign state be made pursuant to 28 U.S.C. §1608. That statute permits service by certified mail with return receipt, and if service cannot thereby be accomplished within 30 days, by service through diplomatic channels. 28 U.S.C., § 1608(a) provides:

> Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
> * * *
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned . . . .

In compliance with this statute, plaintiffs concurrently are requesting registered mailing by the Clerk of the Court to the foreign defendants.

Because of difficulties in establishing contact with Farsi translators who had been engaged in prior actions, and obtaining translations of the necessary documents into Farsi, plaintiffs have been impeded in completing the process of serving the foreign defendants. For this reason, pursuant to Fed.R.Civ.P. 4(m), plaintiffs respectfully request that they be allowed a period of 120 days from the date of entry of the requested order, subject to enlargement for good cause shown, to complete service. Fed.R.Civ.P. 4(m) expressly exempts "service in a foreign country pursuant to subdivision (f) or (j)(1)" from the 120 day time limit that applies to other modes of service.

This enlargement will result in no prejudice, because neither of the defendants, to plaintiffs' knowledge, has ever accepted or responded to the process of this Court in any form, including but not limited to the procedure of 28 U.S.C. §1608(a)(3) (return receipt mail), through

diplomatic channels or otherwise.[1]  Further, the liability of defendants in this action will be based on the judgment of liability entered following the trial in the consolidated cases <u>Boulos et al. v. Islamic Republic of Iran, et al.</u>, Civ. Action No. 01-CV-2684 (RCL), and <u>Peterson v. Islamic Republic of Iran, et al.</u>, Civ. Action No. 01-CV-2094 (RCL), which, on March 17-18, 2003, were heard by this Court on *ex parte* proof following the entry of default judgment against these defendants.  Thus, this case will be concluded expeditiously once the necessary attempts at service have been completed.

                                                Respectfully submitted,

                                                _____

                                                John W. Karr   #57430
                                                Theodore S. Allison   #441089
                                                KARR & ALLISON, P.C.
                                                1920 N Street, N.W.   Suite 300
                                                Washington, DC 20036

                                                Telephone  202-331-7600

                                                Attorneys for plaintiffs

---

[1]  *See, e.g., Bodoff v. Islamic Republic of Iran*, Civil Action No. 02-1991 (RCL), 424 F. Supp. 2d 74 (2006); *Cronin v. Islamic Republic of Iran*, Civil Action No. 99-2890 (RCL), 238 F. Supp. 2d 222 (2002); *Eisenfeld v. Islamic Republic of Iran*, Civ. No. 98-1945 (RCL), 172 F. Supp. 2d 1 (2000); *Flatow v. Islamic Republic of Iran*, C.A. No. 97-396 (RCL), 76 F. Supp. 2d 16 (1999); *Haim v. Islamic Republic of Iran*, Civil Action No. 02-1811 (RCL), 425 F. Supp. 2d 56 (2006); *Hutira v. Islamic Republic of Iran*, Civil Action Number 01-883 (RCL), 211 F. Supp. 2d 115 (2002) ; *Jenco v. Islamic Republic of Iran,* Civ. A. No. 00-549 (RCL), 154 F. Supp. 2d 27 (2001); *Peterson v. Islamic Republic of Iran,* Civil Action No. 01-2094 (RCL), Civil Action No. 01-2684 (RCL), 264 F. Supp. 2d 46 (2003); *Prevatt v. Islamic Republic of Iran*, Civil Action No. 02-1775 (RCL), 421 F. Supp. 2d 152 (2006); *Stern v. Islamic Republic of Iran*, Case No. 1:00CV02602 (RCL), 271 F. Supp. 2d 286 (2003); *Sutherland v. Islamic Republic of Iran*, Civ. A. No. 99-3279 (RCL), 151 F. Supp. 2d 27 (2001); *Weinstein v. Islamic Republic of Iran*, Civ. No. 00-2601 (RCL), 184 F. Supp. 2d 13 (2002); *see, also, Cicippio v. Islamic Republic of Iran*, 18 F. Supp. 2d 62 (D.D.C. 1998) (Jackson, J.); *Dammarell v. Islamic Republic of Iran*, Civ. A. No. 01-2224, 2005 WL 756090, 2005 U.S. Dist. LEXIS 5343 (D.D.C. Mar. 29, 2005) (Bates, J.); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 106 (D.D.C. 2000); *Higgins v. The Islamic Republic of Iran*, Case No. 1:99cv00377 (CKK), 2000 U.S. Dist. LEXIS 22173, Civ. A. No. 99-377 (D.D.C. 2000); *Holland, et al. v. Islamic Republic of Iran, et al.*, 2005 U.S. Dist. LEXIS 40254, Civ. A. No. 01-1924 (CKK) (D.D.C. Oct. 31, 2005) (Kotelly, J.); *Kapar v. Islamic Republic of Iran*, 2004 U.S. Dist. LEXIS 29416, Civ. A. No. 02-78 (HHK) (D.D.C. Sept. 22, 2004); *Surette v. Islamic Republic of Iran*, 2002 U.S. Dist. LEXIS 21204, 2002 WL 31455114 (D.D.C. November 4, 2002) (Friedman, J.); *Welch v. Islamic Republic of Iran*, 2004 U.S. Dist. LEXIS 19512, 2004 WL 2216534 (D.D.C. Sept. 27, 2004) (Kay, J.).