UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich; Bryan Harris; Armando J. Ybarra;** and **John E. L'Heureux** <br><br> Plaintiffs, <br> v. <br><br> **THE ISLAMIC REPUBLIC OF IRAN** <br> and <br> **THE IRANIAN MINISTRY OF INFORMATION AND SECURITY** <br><br> Defendants. | Civil Action No. 1:06CV00596 (RCL) |

**MOTION FOR ORDER AUTHORIZING SERVICE OF SUMMONS AND COMPLAINT AND NOTICE OF SUIT THROUGH DIPLOMATIC CHANNELS**
(28 U.S.C. §1608)

Plaintiffs, by counsel, hereby move for an order authorizing service of the summons and complaint filed herein on March 31, 2006, and the notice of suit attached to such documents, all with translations into Farsi (the official language of Iran, the foreign state involved), on the defendants through diplomatic channels. The document sets for service will be delivered physically to the Clerk of the Court. In support of this motion, plaintiffs state:

(1) Defendant, The Islamic Republic of lran and The United States of America do not have in effect any special arrangement for service of judicial documents between them in accordance with 28 U.S.C. §1608(a)(1), nor is such service authorized by an applicable international convention in accordance with 28 U.S.C. §1608(a)(2);

(2) The Clerk of the Court, at the request of plaintiffs' counsel, served the above-described process and notices on defendants by Registered Mail on July 25, 2006;

(3) More than 30 days have elapsed since this service was attempted, as provided in 28 U.S.C. §1608(a)(3), and neither of the defendants has acknowledged receipt, returned a Registered Mail receipt card, or otherwise responded; to plaintiffs' knowledge, neither the Islamic Republic of Iran, nor the Iranian Ministry of Information and Security, has ever accepted or responded to the process of this Court in any form, including but not limited to the procedure of 28 U.S.C. §1608(a)(3); [1]

(4) Accordingly, plaintiff needs and therefore requests an order from the Court authorizing and directing service upon the defendants in accordance with the provisions of 28 U.S.C. §1608(4) by service through diplomatic channels.

WHEREFORE, plaintiff respectfully requests that this motion be granted and that the Clerk of this court be directed to address and dispatch by certified mail, return receipt requested, two copies each of the summons, complaint and notice of suit (prepared in accordance with 22 CFR §93.2), translated into Farsi, for each of the two defendants, to the Secretary of State of The United States of America, for service of those documents on defendants through diplomatic channels, pursuant to 28 U.S.C. §1608(a)(4).

---

[1] *See, e.g., Bodoff v. Islamic Republic of Iran*, Civil Action No. 02-1991 (RCL), 424 F. Supp. 2d 74 (2006); *Cronin v. Islamic Republic of Iran*, Civil Action No. 99-2890 (RCL), 238 F. Supp. 2d 222 (2002); *Eisenfeld v. Islamic Republic of Iran*, Civ. No. 98-1945 (RCL), 172 F. Supp. 2d 1 (2000); *Flatow v. Islamic Republic of Iran*, C.A. No. 97-396 (RCL), 76 F. Supp. 2d 16 (1999); *Haim v. Islamic Republic of Iran*, Civil Action No. 02-1811 (RCL), 425 F. Supp. 2d 56 (2006); *Hutira v. Islamic Republic of Iran*, Civil Action Number 01-883 (RCL), 211 F. Supp. 2d 115 (2002) ; *Jenco v. Islamic Republic of Iran*, Civ. A. No. 00-549 (RCL), 154 F. Supp. 2d 27 (2001); *Peterson v. Islamic Republic of Iran,* Civil Action No. 01-2094 (RCL), Civil Action No. 01-2684 (RCL), 264 F. Supp. 2d 46 (2003); *Prevatt v. Islamic Republic of Iran*, Civil Action No. 02-1775 (RCL), 421 F. Supp. 2d 152 (2006); *Stern v. Islamic Republic of Iran*, Case No. 1:00CV02602 (RCL), 271 F. Supp. 2d 286 (2003); *Sutherland v. Islamic Republic of Iran*, Civ. A. No. 99-3279 (RCL), 151 F. Supp. 2d 27 (2001); *Weinstein v. Islamic Republic of Iran*, Civ. No. 00-2601 (RCL), 184 F. Supp. 2d 13 (2002); *see, also, Cicippio v. Islamic Republic of Iran*, 18 F. Supp. 2d 62 (D.D.C. 1998) (Jackson, J.); *Dammarell v. Islamic Republic of Iran*, Civ. A. No. 01-2224, 2005 WL 756090, 2005 U.S. Dist. LEXIS 5343 (D.D.C. Mar. 29, 2005) (Bates, J.); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 106 (D.D.C. 2000); *Higgins v. The Islamic Republic of Iran*, Case No. 1:99cv00377 (CKK), 2000 U.S. Dist. LEXIS 22173, Civ. A. No. 99-377 (D.D.C. 2000); *Holland, et al. v. Islamic Republic of Iran, et al.*, 2005 U.S. Dist. LEXIS 40254, Civ. A. No. 01-1924 (CKK) (D.D.C. Oct. 31, 2005) (Kotelly, J.); *Kapar v. Islamic Republic of Iran*, 2004 U.S. Dist. LEXIS 29416, Civ. A. No. 02-78 (HHK) (D.D.C. Sept. 22, 2004); *Surette v. Islamic Republic of Iran*, 2002 U.S. Dist. LEXIS 21204, 2002 WL 31455114 (D.D.C. November 4, 2002) (Friedman, J.); *Welch v. Islamic Republic of Iran*, 2004 U.S. Dist. LEXIS 19512, 2004 WL 2216534 (D.D.C. Sept. 27, 2004) (Kay, J.).

## MEMORANDUM SUPPORTING MOTION FOR ORDER AUTHORIZING SERVICE OF SUMMONS AND COMPLAINT AND NOTICE OF SUIT THROUGH DIPLOMATIC CHANNELS

Fed.R.Civ.P. 4(j) provides that service upon a foreign state be made pursuant to 28 U.S.C. §1608.  That statute permits service by certified mail with return receipt, but does not require that method if it cannot be accomplished within 30 days, and, alternatively, permits service through diplomatic channels.  28 U.S.C. §1608(a) provides:

> Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
> * * *
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Counselor Services -- and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Plaintiffs, with the aid of the Clerk of the Court, served the required process by Registered Mail pursuant to Sec. 1608(a)(3) over 45 days ago, with no response.  Plaintiffs therefore respectfully request that the Court enter an order authorizing service through diplomatic channels, and directing the Clerk of the Court to transmit all required papers to the attention of Edward Betancourt, U.S. Department of State, Office of Policy Review & Interagency Liaison,[2]  SA-29 4th Floor, 2201 C Street, N.W., Washington, DC 20520.  (In the

---

[2]  The Department of State, Overseas Citizens Services [formerly Special Consular Services, 22 CFR 93 (sic)], Office of Policy Review & Interagency Liaison is responsible for service under the Foreign Sovereign Immunities Act (FSIA) via the diplomatic channel in accordance with 28 U.S.C. §1608(a)(4) and implementing regulations (22 C.F.R. §93). In addition, the Department provides assistance under Sec. 1608(b) of the Act by providing information about service pursuant to a letter rogatory or applicable international convention on service. Service pursuant to the FSIA is a statutory obligation and, provided the hierarchical methods of service set forth in Sec. 1608 have been followed, the U.S. consular officer has no discretion in complying with the Act. See 28 U.S.C. §1608(a)(4); H.R. Rep. No. 94-1487, 94th Cong., 2d Sess. (1976) reprinted in 1976 U.S. Code Cong. & Ad. News 6623; 22 C.F.R. Part

event the U.S. Department of State may change the point of contact for requests for service of process through diplomatic channels before process in this action can be dispatched, plaintiffs will request that the Court substitute such current address for the foregoing.)

Wherefore, plaintiffs respectfully request that the Court grant this motion, and enter an order in the form of the proposed order filed herewith.

        Respecfully submitted,

        John W. Karr
        Theodore S. Allison

        _____
        Theodore S. Allison   #441089
        KARR & ALLISON, P.C.
        1920 N Street, N.W.   Suite 300
        Washington, DC 20036
        202-331-7600

        Attorneys for plaintiffs

---

93.  *See*  http://travel.state.gov/law/info/judicial/judicial_2513.html

## Declaration of Theodore S. Allison

I, Theodore S. Allison, declare:

1. I am one of the attorneys for plaintiffs in this action, and make this declaration in support of plaintiffs' Motion for an Order Authorizing Service of Summons, Complaint and Notice of Suit Through Diplomatic Channels. All of the facts stated in this declaration are true, and within my personal knowledge.

2. Filed with this declaration are true and complete copies of the Registered Mail receipts showing mailing on July 25, 2006 of the summons, complaint, notice of suit, and Farsi translations of same, to the Islamic Republic of Iran and Iranian Ministry of Information and Security. The original receipts were filed with the Clerk of the Court on July 31, 2006. Plaintiffs and their counsel have not received any return receipts for this mailing, and know of no acknowledgment of receipt by either of the defendants.

3. True copies of the process to be served, with translations into Farsi, shall be delivered to the Clerk of the Court at or about the time of the filing of this motion.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 19, 2006, at Washington, District of Columbia.

/s/
Theodore S. Allison

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich; Bryan Harris; Armando J. Ybarra;** and **John E. L'Heureux** | |
| Plaintiffs, | Civil Action No. 1:06CV00596 (RCL) |
| v. | |
| **THE ISLAMIC REPUBLIC OF IRAN** and **THE IRANIAN MINISTRY OF INFORMATION AND SECURITY** | |
| Defendants. | |

**ORDER**

THE COURT having considered the motion of plaintiffs for an order authorizing service of the summons and complaint and notice of suit, with translations into Farsi, on the defendants through diplomatic channels; and

IT APPEARING that neither of the defendants has responded to the summons, complaint and notice of suit served by Registered Mail pursuant to 28 U.S.C. §1608(a)(3) within 30 days, and that the conditions specified in 28 U.S.C. §1608(a)(1) and §1608(a)(2) are not present in this case; it is,

ORDERED that the Clerk of the Court shall serve process in this action upon the defendants in accordance with the provisions of 28 U.S.C. §1608(4) by service through diplomatic channels, by addressing and dispatching by certified mail, return receipt requested, two copies each of the summons, complaint and notice of suit (prepared in accordance with 22 CFR §93.2), translated into Farsi, for each of the two defendants, as plaintiffs shall provide, to

the Secretary of State of The United States of America, to the attention of Edward Betancourt, U.S. Department of State, Office of Policy Review & Interagency Liaison, SA-29 4th Floor, 2201 C Street, N.W., Washington, DC  20520 (or such other office as the U.S. Department of State may direct, by regulation or order, for such process), for service of those documents on defendants through diplomatic channels, pursuant to 28 U.S.C. §1608(a)(4).

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE