UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich, Bryan Harris, Armando J. Ybarra, and John E. L'Heureux,**

      Plaintiffs,

v.

**THE ISLAMIC REPUBLIC OF IRAN** and **THE IRANIAN MINISTRY OF INFORMATION AND SECURITY,**

      Defendants.

Civil Action No. 1:06CV00596 (RCL)

**PLAINTIFFS' SECOND MOTION TO ENLARGE
TIME FOR SERVICE OF SUMMONS AND
COMPLAINT, AND NOTICE OF SUIT, ON FOREIGN DEFENDANTS**
F.R.C.P. 4(m), 28 U.S.C. §1608(a)

Plaintiffs, by counsel, hereby move for an order allowing plaintiffs 60 days from the entry of an order on this motion to attempt service through diplomatic channels, pursuant to 28 U.S.C. §1608(a)(4) (Foreign Sovereign Immunities Act), of the summons and complaint, the notice of suit, and translations of the same into Farsi (the official language of Iran).

Plaintiffs obtained an order from the Court authorizing and directing service upon the defendants in accordance with the provisions of 28 U.S.C. §1608(4) by service through diplomatic channels.  Plaintiffs' counsel obtained the process and notices for service from the Clerk of the Court on or about October 10, 2006, obtained official checks for the necessary embassy fees, and mailed all such documents to the United States Department of State, by certified mail, on October 13, 2006.  On October 29, 2006, plaintiffs' counsel made a follow up telephone call to the State Department to ensure that the package had been received, and was advised that it had, and that service would require approximately six (6) weeks from that date.

WHEREFORE, plaintiff respectfully requests that this motion be granted and that the Court allow plaintiffs 60 days from the date of the order on this motion, subject to any further enlargement for good cause shown, to effect service as requested, and, if necessary, service pursuant to 28 U.S.C. §1608(a)(4) (through diplomatic channels).

## MEMORANDUM OF LAW

Fed.R.Civ.P. 4(j) provides that service upon a foreign state be made pursuant to 28 U.S.C. §1608. That statute permits service by certified mail with return receipt, and if service cannot thereby be accomplished within 30 days, by service through diplomatic channels.

Fed.R.Civ.P. 4(m) expressly exempts "service in a foreign country pursuant to subdivision (f) or (j)(1)" from the 120 day time limit that applies to other modes of service.

This enlargement will result in no prejudice, because neither of the defendants, to plaintiffs' knowledge, has ever accepted or responded to the process of this Court in any form, including but not limited to the procedure of 28 U.S.C. §1608(a)(3) (return receipt mail), through

/ / /

/ / /

/ / /

diplomatic channels or otherwise.[1]

                                              Respectfully submitted,

                                              KARR & ALLISON, P.C.
                                              John W. Karr
                                              Theodore S. Allison

                                              _____/s/_____
                                              Theodore S. Allison   #441089
                                              1920 N Street, N.W.   Suite 300
                                              Washington, DC 20036

                                              Telephone  202-331-7600

                                              Attorneys for plaintiffs

---

[1] *See, e.g., Bodoff v. Islamic Republic of Iran*, Civil Action No. 02-1991 (RCL), 424 F. Supp. 2d 74 (2006); *Cronin v. Islamic Republic of Iran*, Civil Action No. 99-2890 (RCL), 238 F. Supp. 2d 222 (2002); *Eisenfeld v. Islamic Republic of Iran*, Civ. No. 98-1945 (RCL), 172 F. Supp. 2d 1 (2000); *Flatow v. Islamic Republic of Iran*, C.A. No. 97-396 (RCL), 76 F. Supp. 2d 16 (1999); *Haim v. Islamic Republic of Iran*, Civil Action No. 02-1811 (RCL), 425 F. Supp. 2d 56 (2006); *Hutira v. Islamic Republic of Iran*, Civil Action Number 01-883 (RCL), 211 F. Supp. 2d 115 (2002) ; *Jenco v. Islamic Republic of Iran*, Civ. A. No. 00-549 (RCL), 154 F. Supp. 2d 27 (2001); *Peterson v. Islamic Republic of Iran,* Civil Action No. 01-2094 (RCL), Civil Action No. 01-2684 (RCL), 264 F. Supp. 2d 46 (2003); *Prevatt v. Islamic Republic of Iran*, Civil Action No. 02-1775 (RCL), 421 F. Supp. 2d 152 (2006); *Stern v. Islamic Republic of Iran*, Case No. 1:00CV02602 (RCL), 271 F. Supp. 2d 286 (2003); *Sutherland v. Islamic Republic of Iran*, Civ. A. No. 99-3279 (RCL), 151 F. Supp. 2d 27 (2001); *Weinstein v. Islamic Republic of Iran*, Civ. No. 00-2601 (RCL), 184 F. Supp. 2d 13 (2002); *see, also, Cicippio v. Islamic Republic of Iran*, 18 F. Supp. 2d 62 (D.D.C. 1998) (Jackson, J.); *Dammarell v. Islamic Republic of Iran*, Civ. A. No. 01-2224, 2005 WL 756090, 2005 U.S. Dist. LEXIS 5343 (D.D.C. Mar. 29, 2005) (Bates, J.); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 106 (D.D.C. 2000); *Higgins v. The Islamic Republic of Iran*, Case No. 1:99cv00377 (CKK), 2000 U.S. Dist. LEXIS 22173, Civ. A. No. 99-377 (D.D.C. 2000); *Holland, et al. v. Islamic Republic of Iran, et al.*, 2005 U.S. Dist. LEXIS 40254, Civ. A. No. 01-1924 (CKK) (D.D.C. Oct. 31, 2005) (Kotelly, J.); *Kapar v. Islamic Republic of Iran*, 2004 U.S. Dist. LEXIS 29416, Civ. A. No. 02-78 (HHK) (D.D.C. Sept. 22, 2004); *Surette v. Islamic Republic of Iran*, 2002 U.S. Dist. LEXIS 21204, 2002 WL 31455114 (D.D.C. November 4, 2002) (Friedman, J.); *Welch v. Islamic Republic of Iran*, 2004 U.S. Dist. LEXIS 19512, 2004 WL 2216534 (D.D.C. Sept. 27, 2004) (Kay, J.).