UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich;** <br> **Bryan Harris;** <br> **Armando J. Ybarra;** <br>     and <br> **John E. L'Heureux** <br><br>             Plaintiffs, <br>    v. <br><br> **THE ISLAMIC REPUBLIC OF IRAN** <br>     and <br> **THE IRANIAN MINISTRY OF INFORMATION AND SECURITY** <br><br>             Defendants. | Civil Action No. 1:06CV00596 |

**PLAINTIFFS' MOTION FOR
ENTRY OF DEFAULT**

Plaintiffs, by counsel, hereby move for an order entering the default of defendants, and in support thereof state:

This is an action for injuries and death resulting from the October 23, 1983, terrorist attack on the Marine barracks in Beirut, Lebanon.  Plaintiffs Ybarra and L'Heureux are members of the United States armed forces who sustained injuries as a result of the terrorist attack; plaintiffs Murphy and Rich are the surviving mother and brother of Terrence Rich, who died in the attack, and Mrs. Murphy is the Administratrix of her son's estate.

Plaintiffs claim that defendants the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") are liable for damages resulting

1

from the attack because they provided material support to Hezbollah, a terrorist organization that perpetrated the bombing. Plaintiffs rely on causes of action founded upon provisions of the Foreign Sovereign Immunities Act ("FSIA"), inter alia, 28 U.S.C. §1605(a)(7).

Plaintiffs now move the Court for the entry of a default against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, pursuant to Fed. R. Civ. P. 55(a) and 28 U.S.C. §1608, and entry of default is appropriate because:

(1) Service of process has been completed upon both of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.  Plaintiffs obtained an order from this Court authorizing and directing service upon the defendants in accordance with the provisions of 28 U.S.C. §1608(4), through diplomatic channels (docket no. 11).  As required by statute, the Clerk of the Court mailed two copies of the summons, complaint, and notice of suit, together with a translation of each into Farsi, the official language of the foreign state, on or about October 13, 2006, by certified mail, return receipt requested, to the U. S. Department of State, Office of Policy Review and Interagency Liaison Overseas Citizens Services (Edward Betancourt, Director) (docket no. 15).

(2)  As evidenced by the returns of service filed with the Court on or about February 28, 2007, plaintiffs forwarded the summons, complaint, notice of suit, and Farsi translations to the U.S. Department of State, which, through the Embassy of Switzerland in Tehran, Iran, effected service upon the defendants on or about January 7, 2007 (docket no. 17).

(3) The provisions of the Foreign Sovereign Immunities Act for service of process, specifically 28 U.S.C. §1608(c)(1), provide that service upon a foreign state or political subdivision of a foreign state pursuant to Section 1608(a)(4), as in this case, is effective as of "the date of transmittal indicated in the certified copy of the diplomatic note."  The returns of service (docket no. 17, 4th page, captioned "Embassy of Switzerland") indicate that the summonses, complaints, notices of suit, and Farsi translations, were transmitted to defendants by diplomatic note on or about January 7, 2007.

(4) The summonses issued by this Court required the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, to respond to the summons and complaint within 60 days of service, or by the close of business on March 8, 2007.  Neither of the Defendants has filed a responsive pleading, or otherwise appeared, as of the date of this motion.

WHEREFORE, the premises considered, the Plaintiffs pray that the motion be granted and that the Court enter an Order of Default in the form accompanying this motion.  Plaintiffs will then file motions for post-default relief, including to establish the liability of defendants, to appoint special masters to receive evidence of causation and damages and make recommendations for judgment to the Court, for entry of judgment, and for transmission of such default judgment to the Defendants pursuant to 28 U.S.C. §1608(e).

**MEMORANDUM OF POINTS AND AUTHORITIES**

A request for entry of a default is a request for a finding by the Court that service

of process was sufficient. Plaintiffs submit that issues of in personam jurisdiction and subject matter jurisdiction under 28 U.S.C. §1602, *et seq*. have been authoritatively determined already by this Court in *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 2d 1 (D.D.C. 1998), and that the decision in that case has received general acceptance by this and other courts, such as to constitute controlling authority on these jurisdictional issues.

    The sole method by which United States Courts acquire jurisdiction over a foreign sovereign is through the provisions of the FSIA. *Eisenfeld v. Iran*, 172 F. Supp. 2d 1 (D.D.C. 2000); *Jenco v. Iran*, 154 F. Supp. 2d 27 (D.D.C. 2001); *Wagner v. Iran*, 172 F. Supp. 2d 128 (D.D.C. 2001). 28 U.S.C. §1608 provides for a hierarchy of methods by which process may be served: under "special arrangement" for service between the "plaintiff and the foreign state or political subdivision," §1608(a); through delivery in accordance with any international convention on service of judicial documents; by "any form of mail requiring a signed receipt," §1608(c); and finally, pursuant to §1608(d), through diplomatic means. Plaintiffs have established previously, as have the plaintiffs in the related actions, that no "special arrangement" exists for service between a citizen of the United States and either of the defnedants. Neither of the defendants has ever adopted the international convention for service of process that is potentially applicable, the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. *See* Annex, Convention on the Service Abroad, etc., Parties to the Convention as of March 6, 2006 (reproduced in U.S.C.S., Service Abroad). Plaintiffs attempted to effect service by certified mailing,

without success, as reflected in the record.  Finally, service through diplomatic channels, pursuant to Section 1608(d) was made, effective January 7, 2007, and neither defendant has filed a response of any kind as of the date of this motion.

More than 60 days having elapsed since service was completed upon both defendants, defendants are in default.  When a defendant fails to plead or otherwise defend, Fed. R. Civ. P. 55(a) provides that the Court shall enter a default.  Plaintiffs respectfully request that the Court enter an order of default in the form submitted herewith.

Respectfully submitted,

  /s/ Theodore S. Allison
John W. Karr   #57430
Theodore S. Allison   #441089
KARR & ALLISON, P.C.
1300 19th Street, N.W., Suite 402
Washington, DC 20036
202-331-7600

Attorneys for plaintiffs