UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich;** <br> **Bryan Harris;** <br> **Armando J. Ybarra;** <br>     and <br> **John E. L'Heureux** <br><br>           Plaintiffs, <br> v. <br><br> **THE ISLAMIC REPUBLIC OF IRAN** <br>     and <br> **THE IRANIAN MINISTRY OF INFORMATION AND SECURITY** <br><br>           Defendants. | Civil Action No. 1:06CV00596 |

## PLAINTIFFS' AFFIDAVIT AND REQUEST FOR ENTRY OF DEFAULT

Plaintiffs, by counsel, respectfully request that the Clerk enter the default of defendants THE ISLAMIC REPUBLIC OF IRAN and THE IRANIAN MINISTRY OF INFORMATION AND SECURITY, pursuant to Fed.R.Civ.P. 55, on the ground that a complaint in this action seeking affirmative relief against defendants, with summons, required notice of suit and translations, were duly served upon the said defendants with an effective date of service of January 7, 2007 (docket no. 17),and the said defendants

1

have failed to plead or otherwise defend at any time thereafter.  This request is supported by the affidavit of Theodore S. Allison filed herewith.

                                          Respectfully submitted,

                                            /s/ Theodore S. Allison
                                          John W. Karr   #57430
                                          Theodore S. Allison   #441089
                                          KARR & ALLISON, P.C.
                                          1300 19th Street, N.W., Suite 402
                                          Washington, DC 20036
                                          202-331-7600

                                          Attorneys for plaintiffs

**Affidavit re Default**

I, THEODORE S. ALLISON, declare:

    1. I am an attorney at law, duly licensed and admitted to practice before the Court of Appeals of the District of Columbia and this Court. I am an attorney of record for plaintiffs in this matter. All of the matters stated in this declaration are true and within my personal knowledge.

    2. This is an action for injuries and death resulting from the October 23, 1983, terrorist attack on the Marine barracks in Beirut, Lebanon. Plaintiffs Ybarra and L'Heureux are members of the United States armed forces who sustained injuries as a result of the terrorist attack; plaintiffs Murphy and Rich are the surviving mother and brother of Terrence Rich, who died in the attack, and Mrs. Murphy is the Administratrix of her son's estate. Plaintiffs filed a complaint against defendants the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"), seeking affirmative relief, *to wit*, damages for injuries and death resulting from the attack for the reason that defendants provided material support to Hezbollah, a terrorist organization that perpetrated the bombing.

    3. Pursuant to Fed. R. Civ. P. 55(a) and 28 U.S.C. §1608, default should be entered as against defendants, and each of them, because they have been duly served with the summons, complaint, and required documents and have failed to respond or defend, the time for doing so having expired, as specifically described in paragraphs 4 through 6.

    4. Service of process has been completed upon both of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in that plaintiffs obtained an order from this Court authorizing and directing service upon the defendants in accordance

with the provisions of 28 U.S.C. §1608(4), through diplomatic channels (docket no. 11). The Clerk of the Court mailed two copies of the summons, complaint, and notice of suit, together with a translation of each into Farsi, the official language of the foreign state, on or about October 13, 2006, by certified mail, return receipt requested, to the U. S. Department of State, Office of Policy Review and Interagency Liaison Overseas Citizens Services (Edward Betancourt, Director) (docket no. 15), as required by statute. The U.S. Department of State, through the Embassy of Switzerland in Tehran, Iran, effected service upon the defendants on or about January 7, 2007 (docket no. 17), as evidenced by the returns of service filed with the Court on or about February 28, 2007. Service of the summons and complaint on each of the defendants has thus been perfected as provided by law, namely the Foreign Sovereign Immunities Act for service of process, 28 U.S.C. §1608(c)(1).

     5. The summonses issued by this Court and duly served as described above required the defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, to respond to the summons and complaint within 60 days of service, or by the close of business on March 8, 2007. Neither of the defendants has filed a responsive pleading, or otherwise appeared, as of the date of this request.

     6. The time for defendants, or either of them, to answer or otherwise plead, respond, or defend this action, has not been extended.

     7. Pursuant to Fed.R.Civ.P. 55(a), a default should be entered as against each of the defendants.

     I declare under penalty of perjury that the foregoing is true and correct, and that this

declaration was executed on August 8, 2007, at Washington, District of Columbia.

_____
Theodore S. Allison