UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich;** <br> **Bryan Harris;** <br> **Armando J. Ybarra;** <br>     and <br> **John E. L'Heureux** <br><br>             Plaintiffs, <br>     v. <br><br> **THE ISLAMIC REPUBLIC OF IRAN** <br>     and <br> **THE IRANIAN MINISTRY OF INFORMATION AND SECURITY** <br><br>             Defendants. | Civil Action No. 1:06CV00596 |

PLAINTIFFS' MOTION FOR
FINDINGS ON LIABILITY OF DEFENDANTS

Plaintiffs, by counsel undersigned, hereby request that the Court take judicial notice of the Court's Memorandum Opinion of May 30, 2003 in the consolidated cases *Boulos, et al. v. The Islamic Republic of Iran, et al.*, Civ. Action No. 01-CV-2684 (RCL), and *Peterson v. The Islamic Republic of Iran, et al.*, Civ. Action No. 01-CV-2094 (RCL) ("Memorandum Opinion," Exhibit 1), and move for an order on the basis thereof entering findings of fact and conclusions of law on the issue of liability in this case, in the form submitted herewith as Exhibit 2. This case, and the *Boulos* and *Peterson* cases, arise out of precisely the same events, to wit, the terrorist attack on the Marine barracks in Beirut, Lebanon, on October 23, 1983; the Court having tried the issue of liability in the *Boulos* and *Peterson* cases, and having found defendants liable for the proximate consequences of the Marine barracks bombing, judicial notice of these

1

findings may properly be taken pursuant to Fed.R.Evid. 201(b)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

This is an action for injuries and death resulting from the October 23, 1983, terrorist attack on the Marine barracks in Beirut, Lebanon.

Plaintiffs Ybarra and L'Heureux are members of the United States armed forces who sustained injuries as a result of the terrorist attack; plaintiffs Murphy and Rich are the surviving mother and brother of Terrence Rich, who died in the attack, and Mrs. Murphy is the administratrix of her son's estate.

In their complaint filed March 31, 2006, plaintiffs claim that defendants the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") are liable for damages resulting from the attack because they provided material support to Hezbollah, a terrorist organization that perpetrated the bombing. Plaintiffs rely on the jurisdictional and procedural provisions of the Foreign Sovereign Immunities Act ("FSIA"), inter alia, 28 U.S.C. §1605(a)(7), and on causes of action founded upon state tort law. The defendants were duly served, on January 7, 2007 (Docket No. 17), and their defaults entered by the clerk on August 9, 2007.

Following the entry of findings and conclusions on liability, plaintiffs will seek leave to present evidence of causation and damages on their individual claims to one or more special masters, and to have the reports and recommendations of the masters filed with this Court and entered as final judgments on plaintiffs' claims.

Two actions, *Boulos et al. v. The Islamic Republic of Iran, et al.*, Civ. Action No. 01-CV-2684 (RCL), and *Peterson v. The Islamic Republic of Iran, et al.*, Civ. Action No.

01-CV-2094 (RCL), were consolidated and tried before this Court on March 17-18, 2003, on the issue of liability for the bombing, see 264 F. Supp. 2d 46 (D.D.C. 2003), and are currently being heard on *ex parte* proof of damages on behalf of each individual plaintiff following the entry of default judgment therein against the defendants.

Fed.R.Evid. 201 permits this Court to take judicial notice of the Court's findings of fact and conclusions of law, entered May 30, 2003 (Memorandum Opinion) following the trial of the *Boulos* and *Peterson* cases, pursuant to Fed. R. Evid. 201, and Fed.R.Civ.P. 53.  Plaintiffs in this action stand in precisely the same relationship to the defendants, and to the events surrounding the October 23, 1983, terrorist attack on the Marine barracks in Beirut, as do the plaintiffs in the *Boulos* and *Peterson* cases.  The defendants are precisely the same, and have failed to enter an appearance, otherwise respond, or defend in any way the *Boulos* and *Peterson* actions, or this action.

Proposed findings of fact and conclusions of law are attached to this motion as Exhibit 2.

Fed.R.Evid. 201 authorizes taking judicial notice of facts previously determined by the Court in circumstances such as those presented here, being the prior actions of this Court, and capable of accurate and ready determination from sources (the Court's memorandum opinion in *Peterson*) whose accuracy cannot reasonably be questioned. Defendants, being in default, may not challenge these findings.  See *Newhouse v. Probert*, 608 F. Supp. 978, 985 (D. Mich. 1985) ('When a party is in default . . . the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing"), citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927), Moore's Federal Practice, ¶55.03[2].  Indeed, the docket in the

*Peterson* and *Boulos* cases shows that defendants indeed have not done so, despite the passage of four years since the findings were entered.

As the Court recently observed, " '[a] court may take judicial notice of related proceedings and records in cases before the same court,' " and this Court has done so to find the defendants liable for the 1983 Marine barracks bombing in related actions brought by other victims of that attack.  *See Valore v. Islamic Republic of Iran,* 478 F. Supp. 2d 101, 104 (D.D.C. 2007), citing *Estate of Heiser v. Islamic Republic of Iran,* 466 F. Supp. 2d 229, 262-63 (D.D.C. Dec. 22, 2006), *Salazar v. Islamic Republic of Iran,* 370 F. Supp. 2d 105, 109 n.6 (D.D.C. 2005).  The proposed findings and conclusions submitted with this motion are substantially based on those adopted by the Court in *Valore, supra*.

Establishing the defendants' liability for injuries and death proximately caused by the 1983 Marine barracks bombing in Beirut will serve the interests of fairness.  The defendants have declined to appear or defend any of the actions against them on behalf of scores of other victims and their survivors.  Requiring the four individual plaintiffs in this action to present the same evidence in a trial before the Court would not serve the interests of fairness.  The interests of judicial economy would similarly be served, in that no purpose would be served in the Court expending its resources on a repeat of trial of liability for the 1983 Marine barracks bombing in Beirut.

Wherefore, plaintiffs respectfully request that the Court take judicial notice of the findings of fact and conclusions of law embodied in the Memorandum Opinion (Exhibit 1), and on the basis thereof enter findings of fact and conclusions of law in this case on the issue of liability of the defendants, in substantially the form of Exhibit 2.

Following the Court's ruling on this motion, plaintiffs will file such further motions and proposed orders as may be necessary for the appointment of special masters to receive evidence of plaintiffs' damage claims.

Respectfully submitted,

   /s/ Theodore S. Allison
John W. Karr   #57430
Theodore S. Allison   #441089
KARR & ALLISON, P.C.
1300 19th Street, N.W.   Suite 402
Washington, DC 20036
202-331-7600

Attorneys for plaintiffs