UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Elizabeth Murphy, individually and as Administratrix of the Estate of Terrence Rich;**<br>**Bryan Harris;**<br>**Armando J. Ybarra;**<br>   and<br>**John E. L'Heureux**<br><br>             Plaintiffs,<br>   v.<br><br>**THE ISLAMIC REPUBLIC OF IRAN**<br>   and<br>**THE IRANIAN MINISTRY OF INFORMATION AND SECURITY**<br><br>             Defendants. | Civil Action No. 1:06CV00596 |

## PLAINTIFFS' STATUS REPORT

Plaintiffs, by counsel undersigned, submit the following status report to the Court.

1. Plaintiffs' counsel are cognizant of the Court's intention to enter final judgments on or about September 7, 2007 in the related *Peterson* and *Boulos* actions. Plaintiffs are working toward obtaining reports and recommendations by one or more special masters for the Court's consideration and entry of final judgment. Plaintiffs obtained entry of default as to defendants on August 9, filed a motion requesting that the Court take judicial notice of its findings in the trial of the *Peterson* and *Boulos* cases, and adopt proposed findings of fact and conclusions of law, on August 29, and will move within the next several days for appointment of special masters to hear evidence of causation and damages.

2. Plaintiffs are also in the process of obtaining documents which may be necessary to present to the special master, which they expect to receive shortly. It was only recently determined that plaintiff Murphy did not have a form DD 1300 Report of Casualty (a military death certificate) for her son Terrence Rich, and that social security earnings reports would be needed to supplement earnings information for plaintiffs Ybarra and L'Heureux, both survivors of the 1983 bombing.

3. The positioning of plaintiffs' claims for hearing by a special master has been impeded by another factor beyond plaintiffs' control, in that plaintiff Elizabeth Murphy was only recently able to open an estate proceeding for her son, Terrence Rich. Mrs. Murphy, through counsel, had attempted to open an estate for her son in various jurisdictions in which she was or had been domiciled, and was ultimately directed to Onslow County, North Carolina (being the site of Camp Lejeune, her son's last domicile before his death). An estate attorney was contacted to open the estate in the spring of 2006, an engagement letter was signed and a deposit paid. Undersigned counsel believed that the estate had been opened thereafter, and that Mrs. Murphy and the estate attorney were in communication. Only recently, counsel learned from Mrs. Murphy that she had not been contacted by the estate attorney, and that an estate had not been opened, apparently because the paralegal who handled all of the routine aspects of estate attorney's practice had left his employ. That obstacle has now been overcome, and, as of August 20, 2007, the estate of Terrence Rich has been opened.

4. Plaintiffs will proceed with all deliberate speed to present their evidence to the special master, and submit reports and recommendations for the Court's consideration in entering final judgments in this action. Plaintiffs ask the Court's indulgence for 60

days to accomplish these tasks.

                                        Respectfully submitted,

                                        /s/ Theodore S. Allison
John W. Karr   #57430
Theodore S. Allison   #441089
KARR & ALLISON, P.C.
1300 19th Street, N.W.   Suite 402
Washington, DC 20036
202-331-7600

Attorneys for plaintiffs

3